IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSTI LENA SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1093-D |
| | ) |
| TURAN KAYA and Y & Z | ) |
| TRANSPORTATION CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Y&Z Transportation Corporation's Motion to Strike Expert Testimony and Damages Requiring Expert Testimony [Doc. No. 23]. Defendant seeks to preclude Plaintiff's treating physicians from testifying as expert witnesses because she has not listed them as experts and has failed to provide expert reports required by Fed. R. Civ. P. 26(a)(2)(B). Defendant argues that Plaintiff cannot rely on treating physicians to testify concerning any matters other than facts about the care they provided and their observations during treatment. Plaintiff has timely opposed the Motion, asserting that her physicians will provide testimony that is consistent with their treatment records regarding her injuries.

As pertinent here, Rule 26(a)(2)(A) requires a party to disclose the identity of witnesses who will provide expert opinions and to provide a written report prepared by the expert witness "if the witness is one retained or specially employed to provide expert testimony in the case." *See* Fed. R. Civ. P. 26(a)(2)(B). By its plain terms, the rule does not apply to witnesses such as treating physicians who are not engaged to provide expert opinions but who are called to testify regarding their treatment of a party and "observations based on personal knowledge." *Duvall v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). Further, "[a] treating physician, even when testifying as a lay

witness, may state 'expert' facts to the jury in order to explain his testimony." *Id*. Such testimony may include "any opinion (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of a fact in issue." *Id*. (internal quotations omitted). Accordingly, Plaintiff's treating physicians need not be disclosed as experts or prepare expert reports in order to testify about Plaintiff's injuries, prognosis, and future medical needs, so long as their testimony is based on their personal observations and treatment opinions. As the Court understands Defendant's argument, Defendant seeks to exclude such testimony as beyond the scope of the physicians' treatment of Plaintiff. The Court respectfully disagrees with this interpretation of Rule 26(a).

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Expert Testimony [Doc. No. 23] is DENIED.

IT IS SO ORDERED this 21st day of December, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE