IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSTI LENA SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1093-D |
| | ) |
| TURAN KAYA and Y & Z | ) |
| TRANSPORTATION CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Y&Z Transportation Corporation's Motion for Summary Judgment [Doc. No. 28], filed pursuant to Fed. R. Civ. P. 56.[1] Defendant seeks a judgment as a matter of law on the ground that Plaintiff Rusti Lena Simpson[2] lacks evidence to prove her negligence claims against Defendant and its employee. Plaintiff has timely opposed the Motion, and Defendant has filed a reply brief. The Motion is thus at issue.[3]

**Factual and Procedural Background**

This case concerns a motor vehicle collision allegedly caused by the negligence of Defendant's driver, Turan Kaya, who was operating Defendant's tractor trailer at the time of the

---

[1] The movant is the only defendant that has appeared to defend this action, and will be referred to as "Defendant."

[2] Plaintiff has provided an affidavit in which she identifies herself as "Rusti Simpson Lena," but the Court here utilizes the name alleged in her pleadings.

[3] Plaintiff was granted additional time to conduct discovery and permission to file a supplemental brief after the close of the discovery. The time to complete discovery has ended, but no supplemental brief has been filed.

accident. Plaintiff was the passenger in an automobile that collided with the truck.[4]  Before the initial scheduling conference was held, and again in a separate filing, Defendant has stipulated to its vicarious liability for any negligence of Mr. Kaya.  *See* Joint Status Report [Doc. No. 18]; Def.'s Stipulation [Doc. No. 33].  In addition to alleging negligence by Mr. Kaya, Plaintiff claims Defendant negligently entrusted its vehicle to Mr. Kaya, and negligently hired, trained, or supervised him.

Plaintiff brought suit in state court in October, 2009, and after she filed an amended pleading to clarify her alleged damages, Defendant removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  Mr. Kaya could not be located after the lawsuit was filed, and was served only by publication.  After an extensive time period for discovery,[5] Defendant now seeks summary judgment on the basis of Plaintiff's alleged lack of proof of negligence by Mr. Kaya or Defendant.

**Standard of Decision**

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party.  *Id*. at 255.  All facts and reasonable

---

[4] The driver of the automobile, Micky Benge, has sued separately and is pursuing a companion case. *See Benge v. Raya*, Case No. CIV-10-815 (W.D. Okla.).  The two cases were consolidated for purposes of discovery only.

[5] The initial Scheduling Order entered April 5, 2011, allowed approximately six months to complete discovery. The deadline was twice extended after Plaintiff's counsel reported that he had successfully located Mr. Kaya and wished to include him in further discovery efforts. Unfortunately, Mr. Kaya was never personally served with process or discovery requests.

inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Undisputed Facts**

Plaintiff claims to have suffered personal injuries and resulting damages in a collision with Defendant's truck on March 28, 2009. Mr. Kaya was operating the truck in Oklahoma City, Oklahoma, and, according to the allegations of Plaintiff's pleading, Mr. Kaya failed to yield, failed to devote full attention to his driving, and failed to exercise ordinary care in operating the truck. Plaintiff contends in her response brief that her allegations will be proven by her own testimony, the testimony of the driver of the vehicle in which she was riding, Micky Benge, and the testimony of

the police officer who investigated the accident. Instead of the officer's affidavit, however, Plaintiff presents only the "Official Oklahoma Traffic Collision Report." Plaintiff also contends Defendant's negligence in hiring Mr. Kaya will be proven by evidence of his "multiple traffic violations." *See* Pl.'s Resp. Br. [Doc. No. 31] at 2-3. However, no evidence of such violations is provided; Plaintiff states only what she "believes" certified records from other states will show. *See id*. at 3.

## Discussion

Defendant contends that Plaintiff has failed to come forward with specific facts in the manner required by Rule 56(c). Defendant argues that the traffic report contains inadmissible hearsay to the extent it expresses the investigating officer's conclusions or opinions regarding the cause of the accident or the negligence of Mr. Kaya. For the same reason, Defendant contends that the officer would not be able to provide admissible testimony at trial concerning these issues. Defendant does not dispute the authenticity of the traffic report provided by Plaintiff. Defendant also contends that neither Plaintiff nor Ms. Benge can testify from personal knowledge about the accident or Mr. Kaya's alleged traffic violations because their deposition testimony indicates that they did not see his truck before the collision.

Regarding the negligence of Mr. Kaya, Plaintiff relies in her summary judgment brief on the traffic report and her affidavit stating facts concerning the accident. Plaintiff states that Ms. Benge's vehicle was traveling southbound while Mr. Kaya's truck was traveling northbound, that Mr. Kaya made a left turn without yielding to oncoming traffic, and that his truck struck the driver's side of Ms. Benge's vehicle. Similarly, an examination of the traffic report reveals the reporting officer's findings regarding the collision and his conclusion that a contributing factor was an improper left

turn by "Unit 1," which was Mr. Kaya's vehicle.  *See* Pl.'s Resp. Br., Ex. 1 [Doc. No. 28-1].[6] Notwithstanding Defendant's objections, the Court finds that these facts, if proven at trial, would permit a reasonable fact-finder to infer that Mr. Kaya negligently caused the collision. "[N]egligence is always a question of fact for the jury and becomes a question of law for the court to decide only when reasonable men would not differ on the evidence when considered in its most favorable light."  *Oklahoma Natural Gas Co. v. McKee*  121 F.2d 583, 585 (10th Cir. 1941). Further, "[t]he testimony of eye witnesses is not essential to prove negligence.  Evidence of physical facts and circumstances may be sufficient for that purpose."  *Chicago Rock Island & Pac. R.R. Co. v. Consumers Coop. Ass'n*, 180 F.2d 900, 904 (10th Cir. 1950); *see Towery v. Guffey*, 358 P.2d 812, 814 (Okla. 1961).  Accordingly, the Court finds that genuine disputes of material facts preclude summary judgment on Plaintiff's negligence claim regarding Mr. Kaya's conduct.

The Court reaches a different conclusion regarding the alleged negligence of Defendant in hiring Mr. Kaya or entrusting him with its truck.  In addition to Plaintiff's failure to provide specific facts, supported in the manner required by Rule 56(c), the claim is foreclosed by Oklahoma law. The Oklahoma Supreme Court has held that where an employer stipulates to *respondeat superior* liability for negligence of its employee, "any other theory for imposing liability on the employer is unnecessary and superfluous," including a theory of negligent hiring and retention.  *See Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997); *see also N.H. v. Presbyterian Church (U.S.A.)* 998 P.2d 592, 600 (Okla. 1999) ("the theory of recovery [for negligence in hiring, supervising or retaining an employee] is available if vicarious liability is not established").  Because Defendant has stipulated

---

[6] Defendant raises a hearsay objection.  However, a public report that contains conclusions or opinions may be admissible under Fed. R. Evid. 803(8), if the report is based on a factual investigation and satisfies the requirement of trustworthiness.  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988).

to its liability for Mr. Kaya's conduct, Plaintiff's negligence claim based on Defendant's own conduct is unnecessary and superfluous. For these reasons, the Court finds that Defendant is entitled to summary judgment on Plaintiff's negligent hiring and entrustment theories.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 28] is GRANTED in part and DENIED in part. The case will proceed to trial only on Plaintiff's claim based on Mr. Kaya's alleged negligence in operating the truck.

IT IS SO ORDERED this 15th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE